United States District Court
Southern District of Texas
**ENTERED**
July 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRED A. FULLER, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-13-109 |
| | § | |
| BROWNSVILLE INDEPENDENT SCHOOL | § | |
| DISTRICT, ET AL., | § | |
| Defendants. | § | |

# ORDER

The Court has reviewed the Report and Recommendations of the Magistrate Judge, the Plaintiff's objections (Doc. No. 98), and the response filed by the Defendants (Doc. No. 100) and hereby considers the issues *de novo*. It has also reviewed the Motion to Supplement the Record (Doc. No. 97) and its attachments filed by the Plaintiff and the Response in Opposition filed by the Defendants (Doc. No. 99).

First, the Court denies the Motion to Supplement. The Magistrate Judge's decision was correct. Moreover, the circumstances concerning the taking of the deposition and its filing in this Court do not suggest that any extenuating circumstances existed that prevented Fuller from complying with the rules.

More importantly, this Court has read the deposition in its entirety and found it contains no facts that would compel a denial of the Defendants' motions. While it certainly paints an unseemly picture of multiple Brownsville Independent School District (hereinafter "BISD") Board Members, it does not raise a material issue of fact with regard to any of the pertinent issues herein. At best, the deposition shows that Catalina Presas-Garcia and Lucy Longoria met at the deponent's house and agreed that Mr. Fuller ". . . had to go. He's an idiot; he has to go."

(Doc. No. 97-1, Rey Depo. p. 54).  The decision not to renew a person's contract because he or she is in someone's opinion "an idiot" is not in and of itself actionable.  The deponent's testimony at best shows that two board members, in the presence of three non-board members, met and discussed their desire not to renew an employee's contract because he was, in their opinion, an idiot.  A civil conspiracy to be actionable must have as its goal an unlawful result or must employ one or more unlawful, overt acts.  Absent open meeting considerations (which were not pleaded), the deposition of Maria Rey, while certainly detailing conduct from which one would hope that elected public officials would refrain, does not raise a fact issue as to an unlawful conduct or goal.

The affidavit of Richard E. Zayas does not change the analysis, either.  While his statements detailed certain facts that could be viewed as a motive for the Defendants' alleged actions, he does not provide any competent evidence that creates a fact issue as to any of the pleaded causes of action.  Again, while he sets forth many activities by the Defendants that many might consider poor management and/or a lack of both leadership and care for the education of the young people of this community, he does not create a fact issue for Mr. Fuller by any statement that would be admissible at trial.  He makes two relevant, but factually unsupported, conclusions—neither of which would be admissible at trial.  He avers that "[a]ll board members were aware that Fred Fuller was the key witness against Hector Gonzales."  This is a bare conclusion.  Zayas in no way describes any facts or circumstances that would support this assertion or claim.  It is not only a conclusion; it is an assertion that is pure speculation.  It would not, at least in the manner presented here, be admissible at trial.  The only other Zayas statement that might help Mr. Fuller contravene the Defendants' motions is his assertion that "Catalina

Presas-Garcia and Lucy Longoria always associated Fred Fuller to be politically tied to me . . . ." Again, neither the Magistrate Judge nor this Court has been given any supporting facts for this conclusion, nor was either court given any facts that would take this bald conclusion out of the realm of pure speculation.  Conclusory and speculative statements such as the ones detailed are not competent to defeat a summary judgment motion.  *Choe v. Bank of America, N.A.*, No. 14-10826, (5th Cir. 2015); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The  summary  judgment  evidence  proffered  by  Fuller  paints  a  disturbing  picture  of  a dysfunctional BISD Board whose actions are motivated not by what is best for the children of Brownsville,  but  instead  are  motivated  by  personal  agendas  and  biases.    Nevertheless,  the summary judgment evidence does not connect any of this less than savory conduct to facts that raise a material issue with respect to the elements necessary to maintain any of the pleaded causes of action.

That  being  the  case,  this  Court  adopts  the  Report  and  Recommendations  of  the  United States  Magistrate  Judge.    It  hereby  grants  the  Motions  for  Summary  Judgment  filed  by Brownsville  Independent  School  District,  Catalina  Presas-Garcia,  Lucy  Longoria,  Christina Saavedra,  Enrique  Escobedo,  Sylvia  P.  Atkinson  and  Carl  Montoya.    (Doc.  Nos.  68  and  70).    A separate judgment will be entered pursuant to Federal Rules of Civil Procedure.

Signed this 21st day of July, 2016.

Andrew S. Hanen
United States District Judge